UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
:
DRYWALL TAPERS AND POINTERS OF :
GREATER NEW YORK LOCAL UNION :
1974, IUPAT, AFL-CIO, :
:
                      Plaintiff, :    18-CV-1088 (VSB) (JLC)
:
       - against - :    **ORDER**
:
BRONX BASE BUILDERS, LTD., :
:
                      Defendant. :
:
-------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/12/2019

VERNON S. BRODERICK, United States District Judge:

       Plaintiff Drywall Tapers and Pointers of Greater New York Local Union 1974 IUPAT, AFL-CIO commenced this action on February 7, 2018 pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, to confirm and enforce an arbitration award against Defendant Bronx Base Builders, Ltd. (Doc. 1.) Before me is Magistrate Judge James L. Cott's unchallenged Report and Recommendation, issued on January 14, 2019 (the "Report and Recommendation"), which recommends that I confirm the arbitration award and grant Plaintiff's application for attorneys' fees and costs. (*See* Doc. 26 at 17.) Because neither party has objected to the Report and Recommendation, and because I find that Magistrate Judge Cott's Report and Recommendation is thorough and detailed, I accept its findings and recommendations and adopt the Report in its entirety.

    **I.**    **Factual and Procedural Background**

       The facts set forth in the Report and Recommendation are incorporated herein by reference unless otherwise noted. I assume familiarity with the facts and recite here only those facts necessary for an understanding of the issues before me.

Plaintiff filed its complaint on February 7, 2018. (Doc. 1.) On July 19, 2018, I referred this case to Magistrate Judge Cott for a report and recommendation. (Doc. 13.) Magistrate Judge Cott issued his Report and Recommendation on January 14, 2019, and gave the parties fourteen days from receipt of the Report to file written objections. (Doc. 26.) Defendant has not opposed the complaint, filed any objections to the Report and Recommendation, or otherwise appeared in the instant action.

## II. Analysis

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of being served with a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). When a party submits a timely objection, a district court reviews de novo the parts of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). When neither party submits an objection to a report and recommendation, or any portion thereof, a district court reviews the report and recommendation for clear error. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Here, the Report and Recommendation was filed on January 14, 2019. (*See* Doc. 26.) Although the Report and Recommendation explicitly provided that "the parties shall have fourteen (14) days from service of this Report and Recommendation to file any written objections," (Doc. 26 at 17), neither party filed any objections. Accordingly, I have reviewed Magistrate Judge Cott's thorough and well-reasoned Report and Recommendation for clear error

and found none. *See Braunstein v. Barber*, No. 06 Civ. 5978(CS)(GAY), 2009 WL 1542707, at *1 (S.D.N.Y. June 2, 2009) (explaining that a "district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record").

### III. Conclusion

Accordingly, I adopt the Report and Recommendation in its entirety. Plaintiff's request to enforce the arbitration award is GRANTED and Plaintiff's application for attorneys' fees and costs is GRANTED. Specifically, I: (1) confirm the arbitration award and order Defendant to pay $1,386.20; (2) grant Plaintiff's application for attorneys' fees in the amount of $2,340 and costs in the amount of $480; (3) award post-judgment interest upon entry of judgment accrued at a rate pursuant to 28 U.S.C. § 1961(a); and (4) deny Plaintiff's application for liquidated damages and interest.

The Clerk's Office is respectfully directed to enter judgment in favor of Plaintiff and close the case.

SO ORDERED.

Dated: April 12, 2019
      New York, New York

Vernon S. Broderick
United States District Judge